LEOPOLD HAAS, RESPONDENT, v. SAMUEL CRAIGHEAD AND JOSEPH TILNEY, AS EXECUTORS, ETC., OF SAMUEL N. PIKE, DECEASED, DEFENDANTS.

LAWRENCE PIKE, APPELLANT.

*When one interested in the controversy is entitled to be made a party to the action — Code of Civil Procedure, §§ 447–452.*

The firm of Haas, Pike & Co. transferred all its property, real and personal, to S. N. Pike, one of the partners, upon the agreement that he should sell the property, pay the firm debts from the proceeds thereof, and divide what might remain between the plaintiff and himself. Pike died in possession of the firm property, leaving a will, by which he devised his estate to the defendants, in trust, to manage the same and apply the profits thereof to the use of his children until the youngest should become of age, and then to divide the same equally among them. After all the children had come of age, the plaintiff brought this action against the defendants, as executors and trustees, to compel them to account for the property received by their testator from the

firm, and to pay to plaintiff his share thereof. One of the children applied to be made a party to the action, to enable him to protect his interest in the estate. *Held,* that the application should have been granted.

No supplemental summons need be served, where one is made a party to an action on his own petition.

Appeal by Lawrence Pike from an order of the Special Term, refusing his application to be make a party to the above action.

*Fransioli & Mosher,* for the appellant.

*Albert Cardozo,* for the respondent.

Ingalls, J. :

The plaintiff s alleged cause of action is the following : That the firm of Haas, Pike & Co. transferred to Samel N. Pike, one of their firm, its property real and personal, by a conveyance, general in terms, but accompanied by a parol agreement, that Pike should convert such property into money, and with it pay the debts of the firm, and whatever remained after the payment of the debts, to divide the same between the plaintiff and himself. Samuel N. Pike died in the possession of said property, not having performed the agreement. The plaintiff demands an accounting in regard to such property and to recover his share thereof. Samuel N. Pike left a last will and testament, by which he devised his estate to his executors in trust to manage and control the same, and appropriate the profits and proceeds thereof to the use, education and benefit of his children, until the youngest should become of age, and then to convey the real estate in equal parts to the children. The children, one of whom is the appellant Lawrence Pike, have all attained the age of twenty-one years. The appellant applied to the Special Term, to be made a party to said action, to enable him to protect his interest in the estate. We are convinced that the application should have been granted.

The controversy involves the real estate of which Samuel N. Pike died seized, and in which the appellant has a direct interest under the will of his father, and should therefore be allowed to protect such interest. The question is not altogether, whether Lawrence Pike is an indispensable party to such action, but

whether he is not a proper party with a view to a final disposition of the subject of the action.

The Code of Civil Procedure (§ 447) provides "any person may be made a defendant who has, or claims, an interest in the controversy, *adverse to the plaintiff*, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein, except as otherwise expressly provided in this act."

Section 452 provides, "and where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which *may, in any manner, be affected by the judgment*, and makes application to the court to be made a party *it must direct* him to be brought in by the proper amendment." This statute is very comprehensive and peremptory, and evidently intended to prevent multiplicity of actions, which is in entire harmony with the general policy of the law. We deem the application within the letter, as well as the spirit of the statute. There is no substantial reason why the entire controversy should not be determined in one action, provided the proper and necessary parties are brought into the action ; as the petitioner asks to be made a party no supplemental summons will be required. (Code of Civil Procedure, § 453.)

We think it would be judicious to make all the children of Samuel N. Pike parties to the action, so that the rights of all parties interested in the property in question may be definitively settled in this action. The order of the Special Term must be reversed, and an order entered directing that the petitioner be made a party to the action, and that the pleadings be amended accordingly. No costs of this appeal should be allowed, nor should costs be charged as a condition to such amendment, by which Lawrence Pike is made a party defendant.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, without costs.